UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOWARD BANKS,

    Plaintiff,

v.           Case No. 3:09-cv-1172-J-12JRK

WALTER A. MCNEIL, etc.;
et al.,

    Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Union Correctional Institution who is proceeding pro se and in forma pauperis, initiated this cause of action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983 on December 2, 2009. Plaintiff claims that, while he was incarcerated at Florida State Prison, the Defendants ransacked his cell and "deliberately destroyed" his property on November 29, 2005, and again on December 1, 2005. He alleges that the Defendants put some of his property in the toilet. Plaintiff further asserts that his grievances concerning the incidents were denied. As relief, he requests compensatory damages to replace the items as well as damages for his mental anguish.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (PLRA), which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. §

1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged

conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).

A procedural due process violation is not cognizable where an adequate means of redressing that violation exists under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) (holding that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

The Florida Department of Corrections provides an inmate grievance procedure for challenging misplaced or mishandled inmate property. In fact, Plaintiff acknowledges that he utilized this procedure by filing grievances with the institution, specifically to the grievance coordinator at Florida State Prison and to the Central Office of the Florida Department of Corrections regarding the alleged deliberate destruction of his property.

Further, Florida Statutes section 768.28 provides a tort remedy for the alleged deprivation of Plaintiff's property. See Hall v. Knipp, 982 So.2d 1196, 1198 (Fla. 1st DCA 2008) ("Like other state employees, correctional officers are not immune from suit in their individual capacity if the officers have acted 'in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'") (citing Fla. Stat. § 768.28(9)(a) (2005)). Thus, the State of Florida has provided an adequate post-deprivation remedy for the seizure of Plaintiff's property, and therefore, there is no constitutional violation. See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009).

As long as Plaintiff could have been fully compensated for his property loss, the state remedy satisfies procedural due process. Thus, Plaintiff cannot maintain a section 1983 action based on the claim that the Defendants deliberately destroyed some of his property. Plaintiff has not alleged that he is without an adequate post-deprivation remedy for Defendants' alleged unconstitutional taking of his property. Therefore, he cannot state an actionable claim under the Due Process Clause, and this case will be dismissed.

Furthermore, Plaintiff has not asserted that he suffered any physical injury when these events occurred at Florida State Prison. Plaintiff is seeking damages for mental or emotional injury.

Therefore, this action is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

Finally, insofar as Plaintiff alleges that his grievances were mishandled or improperly denied, such a claim does not support a section 1983 action. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under section 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct), cert. denied, 530 U.S. 1264 (2000).

Therefore, for all of the above-stated reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9TH day of December, 2009.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 12/4
c:
Howard Banks